UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

AARON RUSSELL WITHERSPOON,

    Petitioner,

v.

    Civil Case No. 18-cv-10120
    Honorable Linda V. Parker

WILLIS CHAPMAN,

    Respondent.
_____/

**OPINION AND ORDER
DENYING THE PETITION FOR WRIT OF HABEAS CORPUS,
DECLINING TO ISSUE A CERTIFICATE OF APPEALABILITY,
AND GRANTING *IN FORMA PAUPERIS* STATUS ON APPEAL**

Petitioner Aaron Russell Witherspoon, a state prisoner at the Thumb Correctional Facility in Lapeer, Michigan, filed a *pro se* petition for the writ of habeas corpus under 28 U.S.C. § 2254. (ECF No. 1.) In his petition, Petitioner challenges his plea-based conviction for one count of first-degree criminal sexual conduct and one count of second-degree criminal sexual conduct. Petitioner alleges as grounds for relief that (1) the trial court should have determined whether he was competent, and (2) if he was incompetent, he was deprived of his right to a meaningful allocution. The State argues in an answer to the petition that, because Petitioner's guilty plea was voluntary, intelligent, and knowing, the state appellate court's denial of leave to appeal was objectively reasonable, and Petitioner's claim

about the trial court's failure to determine whether he was competent lacks merit and is not cognizable on habeas review. The Court agrees that Petitioner is not entitled to relief. Accordingly, the petition will be denied.

## I.  Background

Petitioner was charged in Wayne County, Michigan with three counts of first-degree criminal sexual conduct and one count of second-degree criminal sexual conduct. On June 2, 2016, he pleaded guilty in Wayne County Circuit Court to one count of first-degree criminal sexual conduct, Mich. Comp. Laws § 750.520b(1)(b)(i) (sexual penetration of a person thirteen, fourteen, or fifteen years of age by a member of the same household), and one count of second-degree criminal sexual conduct, Mich. Comp. Laws § 750.520c(1)(b)(i) (sexual contact with a person thirteen, fourteen, or fifteen years old by a member of the same household). In return, the prosecutor dismissed the other two counts. The plea agreement also called for a sentence of ten to twenty years in prison.

In June of 2016, the trial court sentenced Petitioner pursuant to the plea agreement to two concurrent terms of ten to twenty years in prison. The state court's register of actions indicates that, on December 7, 2016, the trial court amended the judgment of sentence by reducing the sentence for second-degree

criminal sexual conduct to five to fifteen years in prison. (*See* ECF No. 9-1, p. 2, PageID 55).

Petitioner raised his habeas claims in applications for leave to appeal. The Michigan Court of Appeals denied leave to appeal "for lack of merit in the grounds presented," *see People v. Witherspoon*, No. 336275 (Mich. Ct. App. Jan. 31, 2017), and on September 12, 2017, the Michigan Supreme Court denied leave to appeal because it was not persuaded to review the issues. *See People v. Witherspoon*, 501 Mich. 862; 901 N.W.2d 102 (2017). On January 10, 2018, Petitioner filed his habeas corpus petition.

## II. Standard of Review

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") requires habeas petitioners who challenge "a matter 'adjudicated on the merits in State court' to show that the relevant state court 'decision' (1) 'was contrary to, or involved an unreasonable application of, clearly established Federal law,' or (2) 'was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceedings.'" *Wilson v. Sellers*, 138 S. Ct. 1188, 1192 (2018) (quoting 28 U.S.C. § 2254(d)). "[A] federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously

or incorrectly. Rather, that application must also be unreasonable." *Williams v. Taylor*, 529 U.S. 362, 411 (2000). "AEDPA thus imposes a 'highly deferential standard for evaluating state-court rulings,' *Lindh v. Murphy*, 521 U.S. 320, 333, n. 7 (1997), and 'demands that state-court decisions be given the benefit of the doubt,' *Woodford v. Visciotti*, 537 U.S. 19, 24 (2002) (*per curiam*)." *Renico v. Lett*, 559 U.S. 766, 773 (2010).

"A state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fair-minded jurists could disagree' on the correctness of the state court's decision." *Harrington v. Richter*, 562 U.S. 86, 101 (2011) (quoting *Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004)). To obtain a writ of habeas corpus from a federal court, a state prisoner must show that the state court's ruling on his or her claim "was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fair-minded disagreement." *Id*. at 103.

### III. Analysis

**A. Competence**

Petitioner alleges that the trial court had an obligation to determine *sua sponte* whether he was competent, because his pre-sentence investigation report indicates that he was diagnosed with schizophrenia in 2015. Petitioner contends

4

that he may have had a limited capacity to understand the proceedings and the consequences of his actions and, therefore, the trial court erred in failing to make a determination about his competence.

1.  **Clearly Established Federal Law**

"A criminal defendant may not . . . plead guilty unless he does so 'competently and intelligently.' " *Godinez v. Moran*, 509 U.S. 389, 396 (1993) (quoting *Johnson v. Zerbst*, 304 U.S. 458, 468 (1938)). The test for competency is whether the defendant "has sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding – and whether he has a rational as well as factual understanding of the proceedings against him." *Dusky v. United States*, 362 U.S. 402, 402 (1960) (*per curiam*). This standard applies whether the defendant goes to trial or pleads guilty. *Williams v. Bordenkircher*, 696 F.2d 464, 466 (6th Cir. 1983).

When there is "substantial doubt" as to a defendant's competence, "the trial court must *sua sponte* order an evidentiary hearing on the competency issue." *Id*. (citing *Pate v. Robinson*, 383 U.S. 375 (1966)). The test for determining whether the trial court should have resorted to an evidentiary hearing is "whether a reasonable judge, situated as was the trial court judge whose failure to conduct an evidentiary hearing is being reviewed, should have experienced doubt with respect

to competency to stand trial." *Filiaggi v. Bagley*, 445 F.3d 851, 858 (6th Cir. 2009) (quoting *Williams*, 696 F.2d at 467).

## 2. Application

According to Petitioner, his pre-sentence investigation report reflects a history of psychiatric problems, including a diagnosis of schizophrenia in 2015. However, not everyone with schizophrenia is incompetent. A competency hearing may not be required even though the defendant has previously been diagnosed with schizophrenia. *See United States v. Alfadhili*, 762 Fed. Appx. 264, 267 (6th Cir. 2019) (unpublished) (citing Mackey v. Dutton, 217 F.3d 399, 410–14 (6th Cir. 2000)). Because a mentally ill person may still have the ability to consult his lawyer and have a rational, factual understanding of the proceedings against him, incompetency is not presumed. *See Godinez v. Moran*, 509 U.S. 389, 396 (1993) (citation omitted). A mental health issue alone, without more to raise a substantial doubt as to the defendant's competency, does not require a trial court to hold a competency hearing. *See Alfadhili*, 762 Fed. Appx. At 267. Similar to the defendant in *Alfadhili*, Petitioner responded to the court's questions, affirming his knowing waiver of rights, his illegal conduct, and guilty plea. Thus, there is no basis, other than the Defendant's schizophrenia, that would raise doubts as to Petitioner's competency. Neither has Petitioner shown that his history of

psychiatric problems rendered him unable to understand the proceedings or assist his attorney.

At the plea proceeding, Petitioner stated that he understood the charges to which he was pleading guilty and the maximum penalties for his crimes. He also claimed to understand the plea agreement and the rights that he was waiving by pleading guilty. He assured the trial court that no one had promised him anything, threatened him, or coerced him to plead guilty and that he was pleading guilty of his own free will. He also acknowledged the facts that formed the basis for the charges. *See* 6/2/16 Plea Tr. at 2-8, ECF No. 9-5, pp. 2-8 (PageID. 102-08).

Although almost all of Petitioner's responses to the trial court's questions during the colloquy at his plea were simply, "Yes," he was more verbal at his sentencing. He apologized for his wrong conduct, assured the trial court that the court would not see him again after his release from prison, and asked for leniency. He also explained that he had received threats, and he expressed a fear of being hurt once he was incarcerated. (*See* 6/20/16 Sentence Tr., at 4, ECF No. 9-6, p. 4, PageID 113). The record indicates that Petitioner had a rational and factual understanding of the plea and sentencing proceedings.

The record also establishes that Petitioner's plea was a voluntary, knowing, and intelligent act "done with sufficient awareness of the relevant circumstances

and likely consequences." *Brady v. United States*, 397 U.S. 742, 748 (1970). He claimed to understand that he was waiving certain constitutional rights by pleading guilty, and he stated that he was pleading guilty of his own free will. He also said that no one had promised him anything or threatened him to induce his plea. His "[s]olemn declarations in open court carry a strong presumption of veracity." *Blackledge v. Allison*, 431 U.S. 63, 74 (1977).

There was not a substantial basis for doubting Petitioner's competence. Consequently, the trial court did not err or violate Petitioner's constitutional rights by accepting Petitioner's plea and by sentencing him without holding a competency hearing.

Although Petitioner contends that he had a right under state law to have the trial court determine *sua sponte* whether he was competent, "[a] federal court may not issue the writ [of habeas corpus] on the basis of a perceived error of state law." *Pulley v. Harris*, 465 U.S. 37, 41 (1984). "In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States." *Estelle v. McGuire*, 502 U.S. 62, 68 (1991). The Court, therefore, declines to grant relief on Petitioner's first claim.

**B. Allocution**

In his only other claim, Petitioner alleges that, if he was incompetent at the time of sentencing, his ability to comprehend the nature of the proceedings and his right to assist in the proceedings and offer a meaningful allocution was prejudiced.

As noted above, the record fails to show that Petitioner was incompetent at either his plea or sentencing. In addition, he was given a meaningful opportunity to address the trial court at his sentencing, and he used the opportunity to apologize for his wrongful conduct, to assure the trial court that the court would not see him again after his release, and to seek leniency. He also explained that he had received threats, and he expressed a fear of being hurt once he was incarcerated. *See* 6/20/16 Sentence Tr., at 4, ECF No. 9-6, p. 4 (PageID. 113).

Furthermore, "[t]he Supreme Court has not expressly recognized a constitutional right to allocution," *United States v. Lawrence*, 735 F.3d 385, 407 (6th Cir. 2013), and "the Sixth Circuit has noted that '[t]here is no constitutional right to allocution under the United States Constitution.'" *Cooey v. Coyle*, 289 F.3d 882, 912 (6th Cir. 2002) (quoting *Pasquarille v. United States,* 130 F.3d 1220, 1223 (6th Cir.1997) (citing *Hill v. United States,* 368 U.S. 424, 428 (1962)). Therefore, even if Petitioner had been denied an opportunity to allocute, no constitutional right was violated.

9

## IV. Conclusion and Order

The state appellate court's rejection of Petitioner's claims for lack of merit was not contrary to Supreme Court precedent, an unreasonable application of Supreme Court precedent, or an unreasonable application of the facts. The state court's merits determination also was not so lacking in justification that there was an error beyond any possibility for fair-minded disagreement.

Accordingly,

**IT IS ORDERED** that the petition for writ of habeas corpus (ECF No. 1) is **DENIED**.

**IT IS FURTHER ORDERED** that a certificate of appealability is **DENIED** because Petitioner has not made "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). In addition, reasonable jurists could not disagree with the Court's resolution of Petitioner's claims, nor conclude that the issues are adequate to deserve encouragement to proceed further. *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). Nevertheless,

**IT IS FURTHER ORDERED** that Petitioner may proceed *in forma pauperis* on appeal because an appeal could be taken in good faith. 28 U.S.C. §

1915(a)(3).

**IT IS SO ORDERED**.

S/ Linda V. Parker
LINDA V. PARKER
U.S. DISTRICT JUDGE

Dated: June 13, 2019

I hereby certify that a copy of the foregoing document was mailed to counsel of record and/or pro se parties on this date, June 13, 2019, by electronic and/or U.S. First Class mail.

S/ K. MacKay
Case Manager